UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADDICTION AND DETOXIFICATION
INSTITUTE, L.L.C.,

      Plaintiff,

v.

JULIA AHARONOV and JOSEPH A.
GEORGE, d/b/a MDS DRUG DETOX
CLINIC,

      Defendants.
      _____/

Case No. 14-10026

Honorable John Corbett O'Meara

**OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

    This matter came before the court on Defendants' August 29, 2014 motion to dismiss. Plaintiff Addiction and Detoxification Institute ("ADI") filed a response September 25, 2014; and Defendants filed a reply brief October 7, 2014. Oral argument was scheduled for October 16, 2014; however, on October 14, 2014, the court entered an order canceling the motion hearing. For the reasons that follow, the court will grant Defendants' motion to dismiss.

**BACKGROUND FACTS**

    This case was reassigned to this court as a companion to Case No. 14-10021,

Addiction & Detoxification Institute v. Carpenter, which was recently dismissed. In this case the plaintiff is the same, but the defendants are different individuals and a different clinic as those sued in Carpenter. The complaints, however, are nearly identical.

Defendant MDS Drug Detox Clinic is a Michigan corporation whose owners are defendant Julia Aharonov and Joseph A. Geoge. MDS provides substance abuse reversal and abstinence treatments that help patients overcome addiction.

On January 3, 2014, plaintiff ADI filed suit against Defendants, claiming infringement of ADI's Patent No. 5,789,411 (" the 411 Patent"), a method of detoxifying opioid-addicted patients. Any potential infringer of the '411 Patent must perform all of the steps in the claims of the patent, and Defendants claim ADI has not alleged that the defendant individuals or MDS performed such steps.

In their motion to dismiss, the individual defendants argue that ADI has not made any allegations in the Complaint sufficient for this court to pierce the corporate veil. In addition, Defendants argue that ADI's indirect infringement claim must be dismissed because ADI failed to plead any facts suggesting that Defendants had the specific intent to cause infringement. Finally, Defendants argue that ADI's willful infringement claim should be dismissed because the Complaint fails to plead any facts suggesting that Defendants knew of the '411 Patent prior to this lawsuit.

## LAW AND ANALYSIS

In order for a court to pierce the corporate veil, the corporation must be a mere instrumentality of another individual or entity, must have been used to commit a wrong or fraud, and must have caused an unjust injury or loss to the plaintiff. Florence Cement Co. v. Vettriano, 292 Mich. App. 461 (2011). In this case ADI's complaint fails to plead with particularity facts sufficient to determine the role of defendants Aharonov or George; rather, it simply states that the two are owners of MDS. The complaint does not allege that MDS is the alter ego of the two individuals or that MDS is a sham. To the extent that the complaint has pleaded allegations regarding activities of the defendant individuals, all of those acts fall within the scope of their employment with MDS. Therefore, they are protected by the corporate veil and are entitled to dismissal.

As for Plaintiff's allegations of direct infringement, "District courts must evaluate complaints alleging direct infringement by reference to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure." K-Tech Telecomm., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1279 (Fed. Cir. 2013). Form 18 requires a complaint to contain, among other things, "a statement that the plaintiff has given the defendant notice of its infringement." In re Bill of Lading Transmission and

Sys. Patent Litig., 681 F.3d 1323, 1334 (quoting McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007). This court has previously held

> The language of Form 18 specifically contemplates that plaintiff afford defendants notice of their infringement *before* filing the complaint. Paragraph 4 of Form 18 provides that a sufficient pleading must contain a statement that, "[t]he plaintiff ... *has given* the defendant written notice of the infringement. (emphasis added). The usage of the past tense indicates that notice of infringement must, in fact, precede the complaint in which such a statement appears. Furthermore, plaintiff's interpretation of Form 18 would render the notice of infringement element completely superfluous as any plaintiff could satisfy this requirement by merely filing suit.

Littlefuse, Inc. v. Pacific Eng'g Corp., 2013 WL 4026918 (E.D. Mich. 2013) at *2.

In this case, just as in Carpenter and Littlefuse, ADI's complaint fails to claim that it gave Defendants notice of the alleged infringement before filing suit. Therefore, ADI's claim for direct infringement must be dismissed.

Indirect infringement, which Plaintiff has also alleged, is governed by 35 U.S.C. §§ 271(b) and (c). Subsection (b) covers a type of indirect infringement referred to as "induced infringement" and provides that whomever "actively induces infringement of a patent shall be liable as an infringer." Liability for indirect infringement requires specific intent. In other words, the accused indirect infringer must act with knowledge that its conduct will cause an act of direct infringement. See Akamai Tech., Inc. v. Limelight Networks, Inc., 692 F.3d 1301(Fed. Cir. 2012), *rev'd on other grounds*, 134 S. Ct. 2111 (2014). In order to plead that a party has willfully infringed a patent,

4

the party must have had knowledge of the patent; and post-filing knowledge is not sufficient to support such a claim. Unisone Strategic IP v. Life Tech. Corp., 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) at *5. Again, the court must grant Defendants' motion to dismiss the indirect infringement claim, as Plaintiff has failed to state facts that allege that Defendants had knowledge of the '411 Patent before this lawsuit was filed and has failed to state facts that allege that Defendants specifically intended to cause infringement.

Finally, ADI's willful infringement claim also fails for the same reason its indirect infringement claims fail: the complaint does not recite specific facts explaining if and when the defendants had knowledge of the '411 Patent. "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. In re Seagate Tech., L.L.C., 497 F.3d 1360, 1374 (Fed. Cir. 2007). "[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge." See Gustafson, Inc. v. Intersystems Indus. Prods., Inc., 897 F.2d 508, 511 (Fed. Cir. 1990). Therefore, the court must also dismiss ADI's claims for willful infringement.

"While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

5

recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In this case plaintiff ADI has failed to allege sufficient facts to withstand Defendants' motion to dismiss.

## ORDER

It is hereby **ORDERED** Defendants' August 29, 2014 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: February 13, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 13, 2015, using the ECF system.

s/William Barkholz
Case Manager